IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 NOV -3  P 1: 42

| | |
|---|---|
| JOE T. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN INTERNATIONAL GROUP, INC.; | ) |
| AMERICAN GENERAL CORPORATION; | ) |
| AMERICAN GENERAL FINANCE, INC.; | ) |
| AMERICAN GENERAL FINANCE | ) |
| CORPORATION; MERIT LIFE INSURANCE | ) |
| COMPANY; KIMBERLY SINGLETON; PAT | )    CIVIL ACTION NO. 2:05cv1065-M |
| PORTER; ROY T. EVANS; and Fictitious | ) |
| Defendants "A", "B", and "C", whether singular | ) |
| or plural, those other persons, corporations, | ) |
| firms, or other entities whose wrongful conduct | ) |
| caused the injuries and damages to the Plaintiff, | ) |
| all of whose true and correct names are unknown | ) |
| to Plaintiffs at this time, but will be substituted | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

COME NOW American General Financial Services of Alabama, Inc. ("American General") (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., American General Finance Corporation, Merit Life Insurance Company, Kimberly Singleton, Pat Porter, and Roy T. Evans (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, hereby give notice of the removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. Though not represented by the undersigned counsel, defendants American International Group, Inc. and

SCANNED

1408133

American General Corporation have confirmed their desire to join in this Notice of Removal. In addition to removing this matter, to the extent the parties entered into contracts that contained agreements to arbitrate their claims, Defendants specifically reserve the right to seek arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq*. As grounds for this removal, Defendants state as follows:

## INTRODUCTION

1.    Plaintiff commenced this action on or about September 28, 2005, by filing a Complaint — Civil Action No. CV-05-104 — in the Circuit Court of Bullock County, Alabama, a court within this judicial district and division. This lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including twelve in Alabama and twelve in Tennessee.[1]   These complaints come on the heels of innumerable

---

[1] Defendants have removed all of the lawsuits in Alabama. The state court styles of those matters are as follows:  Jessie Mae Davis v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-176; Ken Nicholson v. American International Group, Inc., et al., In the Circuit Court of Choctaw County, Alabama, Civil Action Number: CV-05-100; Mary Cope v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-135; Sandra Green v. American International Group, Inc., et al., In the Circuit Court of Sumter County, Alabama, Civil Action Number: CV-05-48; George Mason v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-137; Stephanie Mayberry v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-142; Bernice Poole-Reese v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number:  CV-05-134; Willie Lee Poole v. American International Group, Inc., et al., In the Circuit Court of Montgomery County, Alabama, Civil Action Number: CV-05-1653; Steve and Nancy Robinson v. American International Group, Inc., et al., In the Circuit Court of Perry County, Alabama, Civil Action Number: CV-05-51; Tony and Dorothy Turner v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-136; and James Poole v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-133. Edward Waller v. American International Group, Inc., et al., In the Circuit Court of Hale County, Alabama, Civil Action Number: CV-05-97.

Plaintiff's counsel has filed the following matters in Tennessee:  Richard Irby and Elizabeth Irby v. American International Group, et al., In the Circuit Court of Shelby County,

lawsuits Plaintiff's counsel has filed in Mississippi over the past several years, involving

thousands of plaintiffs, each making virtually identical meritless claims and fraudulently joining

non-diverse defendants.[2]    In fact, federal courts in Mississippi, recognizing the attempt by the

---

Tennessee; Civil Action No. CI-004106-05; <u>Belinda Marshall v. American International Group Inc. aka AIG Insurance, et al.</u>; In the Circuit Court of Shelby County, Tennessee; CT-4287-05; <u>Regina Trezevant v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4288-05; <u>Elmo Thomas v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4290-05; <u>Roosevelt Walton v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4292-05; <u>Sheila Upshaw v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4293-05; <u>Gloria Garrett v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4374-05; <u>O.M. Mason v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4110-05; <u>Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4105-05; <u>Ruthie Sims and Curtis Sims v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4109-05; <u>Fannie Armstrong v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4576-05; and <u>Walter Oliver and Mary Oliver v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4574-05.    Defendants have, or will remove these cases, as well.

As an example of the complaints filed in Tennessee, submitted herewith as Exhibit "A" is a true and correct copy of the complaint filed in the lawsuit styled <u>Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al.</u>, In the Circuit Court of Shelby County, Tennessee; CT-4105-05.    This complaint is virtually identical to the Complaint herein, except for the names of certain parties.

[2] Plaintiff's counsel has filed the following seventeen matters in Mississippi, each with multiple plaintiffs and virtually identical allegations: <u>Dorothy Corbin, et al. v. American General Financial Services, Inc., et al</u>, In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-216; <u>Stonewall v. American General Finance, Inc., et al.</u>, In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011CV2L; <u>Freddie Graham, et al. v. American International Group, Inc., et al.</u>, In the Circuit Court of Bolivar County, Mississippi, First Judicial District, Civil Action Number: 2002-333; <u>Alice Brown, et al. v. American International Group, Inc., et al.</u>, In the Circuit Court of Leflore County, Mississippi, Civil Action Number: 2002-0173-CICI; <u>Doris Beaman, et al. v. American International Group, Inc., et al.</u>, In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI; <u>Beatrice Jackson, et al. v. American International Group, Inc., et al.</u>, In the Circuit Court of Sunflower County, Mississippi; Civil Action Number: 2002-0640-CI; <u>Robert Beckley, Roger Daniels, Ginie Garth, Darlene Smith and Bruce Whitfield, v. American General Financial Services, Inc., et al.</u>, In the Circuit Court of Washington County,

plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have routinely denied remand and exercised diversity jurisdiction, ultimately rendering summary judgment for the defendant on the plaintiffs' claims.[3]

---

Mississippi, Civil Action Number: CI2004-216; Marcia Pettis, et al. v. American General Financial Services, Inc., et al.; In the Circuit Court of Washington County, Mississippi, Civil Action Number: CI2004-237; Delia Andrews v. American International Group, et al., In the Circuit Court of Jones County, Mississippi, Laurel Division; Civil Action Number: 2004-194-CV8; Greg Bennamon, et al. v. American International Group, Inc., In the Circuit Court of Kemper County, Mississippi, Civil Action Number: CV-2002-108; Brad Gatlin, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division, Civil Action Number: CV-2002-1026; Edward Morgan, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division, Civil Action Number: CV-2002-1029; George Washington, et al. v. American International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Vaiden Division, Civil Action Number: CV-2002-0018-2V2M; Bernice Baker, et al. v. American International Group, Inc., et al., In the Circuit Court of Washington County, Mississippi, Civil Action Number: CV-2002-405; Ora J. Bell v. American General Finance, Inc., et al., In the Circuit Court of Holmes County, Mississippi, Civil Action Number: 2002-0002; Frances Jones, et al. v. American International Group, Inc., et al., In the Circuit Court of Jones County, Mississippi, Civil Action Number: 2002-118-CV3; and Tommy Faye Jones, et al. v. American International Group, Inc., et al., In the Circuit Court Of Sunflower County, Mississippi, Civil Action Number: CV-2002-0156-CI.

Indeed, just recently, Plaintiff's counsel filed amended complaints in certain of these Mississippi lawsuits, including, *inter alia*, Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-0638-CI, Willie T. Stonewall, et al. v. American International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number: 2004-0011-CV-2L; Brad Gatlin, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel Division; and Edward Morgan, et al. v. American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Second Judicial District, Laurel Division . The allegations of those amended complaints mirror those in the one at hand. A sample of such an amended complaint, filed in the Beamon lawsuit, is attached hereto as Exhibit "B."

[3] The consumer finance lawsuits in Mississippi in which federal courts have denied remand, and in some of which the courts have already granted summary judgment for the defendants, include: Boone v. Citigroup, Inc., __ F.3d __, 2005 WL 1581091 (5th Cir. July 7, 2005); Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003), r'hng en banc denied, Jan. 25, 2005 (nos. 02-60608 & 02-60609); Clark v. Commercial Credit Corp., __ F. Supp. 2d __, 2005 WL 428476 at *3 (S.D. Miss. Feb. 7, 2005); Lee Frye, et al. v. American General Finance, Inc., et al.; In the United States District Court; Southern District of Mississippi; Western Division; No. 5:02cv122BrS (S.D. Miss. Feb. 9, 2004); Queen v. American General Finance, Inc., 289 F. Supp.

2.      In the present action, Plaintiff advances a variety of vague allegations with respect to loans obtained on June 28, 2001, August 14, 2001, and November 23, 2001. (See Plaintiff's Complaint, ¶¶ 13-22). Specifically, Plaintiff makes the overly broad and intentionally vague assertion that Kimberly Singleton, Pat Porter, and Roy T. Evans (the "Non-Diverse Defendants") misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve his chances of being approved for the loans in question. (Plaintiff's Complaint, ¶¶ 13, 15). Plaintiff also alleges the Non-Diverse Defendants misrepresented that refinancing prior loans would be the best way for him to save money. (Plaintiff's Complaint, ¶ 14). Based on these allegations, Plaintiff appears to assert the following individual causes of action: (1) fraudulent misrepresentation; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training, and supervision; and (4) breach of fiduciary duties.

---

2d 782 (S.D. Miss. 2003); Lott v. First Family Financial Servs., Inc., No. 2:02cv56PG (S.D. Miss July 11, 2003); Green v. American General Finance, Inc., 2003 WL 1191183 (S.D. Miss. March 7, 2003); Stacher v. American General Finance, Inc., 2003 WL 1191182 (S.D. Miss. March 7, 2003); Barnes v. First Franklin Finance Corp., No. 3:02cv1259LN (S.D. Miss. Mar. 31, 2003); Brown v. Citigroup, No. 2:02cv112PG (S.D. Miss. Mar. 21, 2003); Anderson v. First Family Financial Servs., Inc., No. 4:02cv55PB (N.D. Miss. Mar. 6, 2003); Bolden v. Kentucky Finance Co., No. 4:02cv98LN (S.D. Miss. Feb. 28, 2003); Walker v. City Finance Co., 2003 WL 554613 (N.D. Miss. Feb. 12, 2003); Benson v. City Finance Co., No. 1:02cv242DD, slip op. at 6 (N.D. Miss. Feb. 12, 2003); Conner v. First Family Financial Services, Inc., 2002 WL 31056778 (N.D. Miss. Aug. 28, 2002); Ross v. First Family Financial Services, Inc., 2002 WL 31059582, (N.D. Miss. Aug. 29, 2002); Strong v. First Family Fin. Services, Inc., 202 F. Supp. 2d 536 (S.D. Miss. 2002); Henley v. Pioneer Credit Co., 2002 WL 1013110 (N.D. Miss. Apr. 10, 2002); Harrison v. Commercial Credit Corp., 2002 WL 548281 (S.D. Miss. Mar. 29, 2002); Ellis v. Washington Mutual Finance Group, No. 4:01cv144-L-N (S.D. Miss. May 8, 2002); Cooley v. Washington Mutual Finance Group, 2002 WL 1768897 (S.D. Miss. July 29, 2002); Howard v. CitiFinancial, Inc., 195 F. Supp. 2d 811 (S.D. Miss. 2002); Ross v. CitiFinancial, Inc., 2002 WL 461567 (S.D. Miss. Mar. 18, 2002); Johnson v. CitiFinancial, Inc.; 5:01cv215BN (S.D. Miss. Mar. 8, 2002); Crockett v. CitiFinancial, Inc., 4:01cv172-MD (N.D. Miss. Feb. 28, 2002); and Carter v. Union Sec. Life Ins. Co., 148 F. Supp. 2d 734 (S.D. Miss. 2001).

3.    The first Defendant was served with a copy of the summons and complaint on October 4, 2005. Therefore, this Notice of Removal is timely filed. True and correct copies of all pleadings, process and orders served upon Defendants are attached hereto as Exhibit "C".

## GROUNDS FOR REMOVAL

### I.    DIVERSITY JURISDICTION

4.    The present action is properly removable under 28 U.S.C. § 1441, which provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5.    This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1)    citizens of different States....

### A.    Citizenship of the Parties

6.    There is a complete diversity of citizenship between the Plaintiff and all Defendants who have been properly joined and served in this action.

7.    Plaintiff alleges that he is a citizen of the State of Alabama.

8.    Defendant American International Group, Inc. ("AIG") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in New York, New York. Defendant AIG, therefore, is a citizen of the States of Delaware and New York.

9.    Defendant American General Corporation ("AGC") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas. Defendant AGC, therefore, is a citizen solely of the State of Texas.

10.    American General Financial Services of Alabama, Inc. ("AGFSI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Evansville, Indiana. Defendant AGFSI, therefore, is a citizen of the States of Delaware and Indiana.

11.    American General Finance Corporation ("AGFC") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant AGFC, therefore, is a citizen solely of the State of Indiana.

12.    Defendant Merit Life Insurance Co. ("Merit") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Evansville, Indiana. Defendant Merit, therefore, is a citizen solely of the State of Indiana.

13.    Defendants Kimberly Singleton, Pat Porter, and Roy T. Evans are citizens of the State of Alabama, but, as demonstrated in detail below, their citizenship should be disregarded by virtue of their fraudulent joinder in the present action.

B.    **Fraudulent Joinder of the Non-Diverse Defendants**

14.    Though diversity jurisdiction generally mandates that "every plaintiff . . . be diverse from every defendant," Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1355 (11th Cir. 1996), federal courts in Alabama have specifically held that "[w]hen a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction." Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1256 (M.D. Ala. 2001) (citing Tapscott, 77 F.3d at 1360). Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of

action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). In addition to those instances where a plaintiff's claims substantively fail as a matter of law, Courts have also found fraudulent joinder where the only claims against a non-diverse defendant are time-barred by the statute of limitations. See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); Fowler, 256 F.Supp.2d 1243; Bullock, 165 F. Supp. 2d 1255; Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213 (S.D. Ala. 1998).

15.    As demonstrated in detail below, Plaintiff's claims against the Non-Diverse Defendants are time-barred and substantively meritless. As such, the Non-Diverse Defendants have been fraudulently joined, and their citizenship should be disregarded for purposes of determining this Court's jurisdiction.

### 1.    Plaintiff's Fraud-Based Claims Against the Non-Diverse Defendants are Time-Barred by the Applicable Two Year Statute of Limitations.

16.    Plaintiff's fraud-based claims against the Non-Diverse Defendants are governed by a two year statute of limitations.[4] Accordingly, Plaintiff's fraud claims against the Non-Diverse Defendants must have been brought within two years of the accrual of said claims.

17.    Alabama courts have held that the two year limitations period begins to run for fraud claims "when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care." Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d 167, 168 (Ala. 1993). Accord Lott v. Tarver, 741 So. 2d at 397; K & C Dev. Corp. v.

---

[4] Because no specific limitations period is prescribed for Plaintiff's fraud claims, they are all governed by the general, two (2) year statute of limitations period outlined in ALA. CODE § 6-2-38(l). See, e.g., Ex parte American General Finance, Inc., 795 So. 2d 685, 686-87 (Ala. 2000); Lott v. Tarver, 741 So. 2d 394, 397 (Ala. 1999); Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d 307, 308 (Ala. 1997).

AmSouth Bank, N.A., 597 So. 2d 671, 676 (Ala. 1992). Fraud "is deemed to have been discovered when it ought to have been discovered; that is, at the time of the discovery of facts that, on the part of a person of ordinary prudence, would provoke inquiry that if followed up, would lead to the discovery of the fraud." Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d at 168. Thus, the two-year limitations period begins to run on "the date the plaintiff has actual or constructive notice of the fraud." Lott v. Tarver, 741 So. 2d at 397 (citing Ala. Code § 6-2-3 (1975)).

18.    The law is now clear that "fraud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered." Ex parte American General Finance, Inc., 795 So. 2d at 689-90. Accord Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d at 308; Foremost Ins. Co. v. Parham, 693 So. 2d 409, 422 (Ala. 1997); Jackson v. Secor Bank, 646 So. 2d 1377, 1379 (Ala. 1994); Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454, 458 (Ala. 1993); Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d at 169. The plaintiffs' failure to read the documents he receives or signs does not alter this rule. Ex parte American General Finance, Inc., 795 So. 2d at 690-91; Harrell v. Reynolds Metals Co., 495 So. 2d 1381, 1387 (Ala. 1986). Otherwise, "contracts would not be worth the paper on which they were written." Dobbins v. Dicus Oil Co., 495 So. 2d 587, 588 (Ala. 1986).

19.    In the present action, Plaintiff advances a variety of vague allegations with respect to his June 28, 2001, August 14, 2001, and November 23, 2001 loans. (See Plaintiff's Complaint, ¶¶ 13-22). As mentioned above, Plaintiff asserts that the Non-Diverse Defendants misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve his chances of being approved for the loans in question. (Plaintiff's Complaint, ¶¶ 13,

15). Plaintiff also alleges that the Non-Diverse Defendants misrepresented that refinancing prior loans would be the best way for him to save money. (Plaintiff's Complaint, ¶ 14). Significantly, however, Plaintiff signed loan documents containing language at odds with these alleged oral statements and triggering Plaintiff's duty of inquiry. (See the Affidavit of Robert S. Ritter authenticating Plaintiff's loan documents, attached hereto as Exhibit "D;" and Plaintiff's loan documents, attached to the Affidavit of Robert S. Ritter as Exhibit "D(1).").

20.    Specifically, Plaintiff's loan documents disclose all of the relevant financial terms for his loans, including the amount financed, finance charge, total of payments, interest rate, amount of monthly payment, and total number of payments. (See Exh. D(1)). Plaintiff could have, and should have, used this information to ascertain whether refinancing prior loans was in his financial best interests. Similarly, Plaintiff's loan documents clearly disclose the premiums for all insurance products purchased. (See id.). Plaintiff could have, and should have, used this information to ascertain whether purchasing Defendants' insurance products was, in fact, a "good deal", a determination incumbent upon him to make.

21.    Regarding the optional nature of credit life and/or credit disability insurance, Plaintiff's Note and Security Agreement specifically state: "You understand that credit insurance is not required in connection with this loan and was not a factor in the approval of the extension of credit, and that you may obtain such insurance, if you want it, from any person you choose." (Id.) (emphasis added). Moreover, Plaintiff's Federal Disclosure Statement provides: "Credit life and/or credit disability insurance are not required to obtain a loan and will not be provided unless you sign and agree to pay the additional cost." (Id.). Finally, Plaintiff's August 14, 2001 and November 23, 2001 loans contained an Insurance Disclosure Summary, which states: "I FULLY

**UNDERSTAND THAT I DO NOT HAVE TO PURCHASE ANY OF THE FOLLOWING INSURANCE TO GET MY LOAN."** (Id.)(emphasis in original).

22.     Given the above disclosures, it is clear that Plaintiff was on notice of any alleged misrepresentations by the Non-Diverse Defendants regarding the optional nature and benefits of credit insurance and the financial benefits of refinancing prior loans at the time of his respective loan closings.  Because Plaintiff was on notice of his fraud-based claims against the Non-Diverse Defendants on June 28, 2001, August 14, 2001, and November 23, 2001 loans, said claims accrued, and the statute of limitations began to run, from these dates.  Plaintiff, however, did not file the present action until September 28, 2005, more than four years after his June 28, 2001 and August 14, 2001 loans, and more than three years after his November 23, 2001 loan.  As such, his fraud-based claims against the Non-Diverse Defendants related to said loans are barred by the applicable two year statute of limitations, and Plaintiff cannot possibly recover for those claims.

> **2.     Plaintiff's Negligence-Based Claims Against the Non-Diverse Defendants are Time-Barred by the Applicable Two Year Statute of Limitations.**

23.     Plaintiff's negligence-based claims against the Non-Diverse Defendants are similarly governed by a two year statute of limitations.[5]  The law in Alabama is well settled that causes of action for negligence and wanton misconduct accrue, and the two-year statute of limitations begins to run, as soon as "the plaintiff can first maintain the action."  Booker v. United American Ins. Co., 700 So. 2d at 1339.  Accord Ex parte Burnham, Klinefelter, Halsey, Jones & Cater, P.C., 674 So. 2d 1287, 1289 (Ala. 1995); Cofield v. Smith, 495 So. 2d 61, 62 (Ala. 1986).  A plaintiff is entitled to "maintain an action" when the party "suffers an injury or a

---

[5] Because no specific limitations period is prescribed for Plaintiff's negligence claims, they are also governed by the general, two year statute of limitations period outlined in ALA. CODE § 6-2-38(l).

1408133

loss or damage." <u>Jones v. Blanton</u>, 644 So. 2d 882, 887 (Ala. 1994)  Thus, the statute begins to run at this initial point "regardless of whether the full amount of damage is apparent at the time of the first injury." <u>Booker</u>, 700 So. 2d at 1339.

24.    In <u>Booker</u>, plaintiffs brought suit against an insurance company and others for negligence, wanton misconduct, fraudulent misrepresentation, and fraudulent suppression arising out of their purchase of an insurance policy after the agent "made various misrepresentations to them."  700 So. 2d at 1334.  The trial court granted the defendants' motion for summary judgment on all of plaintiffs' claims.  <u>Id.</u>  The Alabama Supreme Court affirmed the trial court's judgment in its entirety.  <u>Id.</u> at 1340.  In holding that the plaintiffs' negligence and wanton misconduct claims were barred by the two-year limitations period, the Supreme Court stated as follows:

> It is well settled that a negligence cause of action accrues when the plaintiff can first maintain the action, regardless of whether the full amount of damage is apparent at the time of the first injury.  In <u>Henson</u>, 621 So. 2d at 1271, 1274, this Court held that the plaintiff's completion of an application for a health insurance policy started the running of the two-year limitations period for a negligence action. . . .  In this case, as in <u>Henson</u>, 621 So. 2d at 1274, . . . any negligence or wantonness on the part of Stone or United American occurred, at the latest, in May 1991, when the Bookers signed the application and wrote the check for the policy.  Thus, their claims accrued in May 1991.  Because the Bookers filed their complaint in August 1993 — over two years after their claims accrued — their negligence and wantonness claims are time-barred.

<u>Id.</u> at 1339-40.

25.    In the present action, Plaintiff alleges that the Non-Diverse Defendants' negligence and wanton conduct resulted in, among other things, his having to pay for additional interest, insurance, and fees.  (<u>See</u> Plaintiff's Complaint, ¶ 26).  These alleged injuries were first incurred on the dates of his respective loan closings.  As such,  Plaintiff's negligence-based

claims against the Non-Diverse Defendant accrued, and the statute of limitations began to run, on the dates of the loans because it was at these times that Plaintiff would have first suffered a legal injury for which he would have been entitled to maintain a cause of action. See Booker, 700 So. 2d at 1339; Jones v. Blanton, 644 So. 2d at 887. Plaintiff, however, did not file the present action until September 28, 2005, more than four years after his June 28, 2001 and August 14, 2001 loans, and more than three years after his November 23, 2001 loan. As such, his negligence-based claims against the Non-Diverse Defendants related to said loans are time-barred by the applicable two year statute of limitations, and he cannot possibly recover for them.

### 3.    Plaintiff's Misrepresentation Claims Against the Non-Diverse Defendants Fail as a Matter of Law.

26.    In addition to the statute of limitations bar discussed above, Plaintiff cannot possibly recover against the Non-Diverse Defendants under a fraudulent misrepresentation claim because said claim fails as a matter of law. The Alabama Supreme Court has held that recovery under a fraud theory necessitates a showing that the plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). Under this standard, "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then the plaintiff's reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).

27.    In the present action, Plaintiff alleges that the Non-Diverse Defendants fraudulently misrepresented the benefits and optional nature of credit insurance and the financial benefits of refinancing prior loans. As demonstrated above, however, Plaintiff signed loan documents in connection with these loans that clearly provide all of the relevant financial terms

for each loan, including the amount financed, finance charge, total of payments, interest rate, amount of monthly payment, and total number of payments. (See Ex. D(1)). Moreover, Plaintiff's loan documents also provide the financial terms for the credit insurance purchased in connection with said loans. (See id.). Plaintiff could have easily used this information to ascertain whether refinancing prior loans and purchasing credit insurance was in his financial best interests. Further, Plaintiff's loan documents clearly state that credit insurance is not required and is not a factor in Defendants' decision to extend credit. (See id.). Had Plaintiff taken the time to examine any of this information, he would have been able to substantiate the truth, or lack thereof, of the Non-Diverse Defendants' alleged misrepresentations. As such, his reliance on the Non-Diverse Defendants' alleged misrepresentations is unreasonable, and his claims for fraudulent misrepresentation against said Defendants fail as a matter of law.

### 4. Plaintiff's Breach of Fiduciary Duty Claims Against the Non-Diverse Defendants Fail as a Matter of Law.

28.    In addition to the statute of limitations bar discussed above, Plaintiff cannot possibly assert a cause of action for breach of fiduciary duty against the Non-Diverse Defendant because no such duty existed between them. It is well settled that, in the absence of a special confidential relationship or other special circumstances, the general creditor-debtor relationship does not impose fiduciary duties on the creditor. Ex parte Ford Motor Credit Co. v. Adamson Ford, Inc., 717 So.2d 781, 786-87 (Ala. 1997)(citing Bank of Red Bay v. King, 482 So.2d 274 (Ala. 1985); Baylor v. Jordan, 445 So.2d 254 (Ala. 1984)). With that said, Plaintiff and the Non-Diverse Defendants did not enjoy a special confidential relationship, the likes of which would impose fiduciary duties on the latter. As such, Plaintiff's breach of fiduciary duty claims against the Non-Diverse Defendants fail as a matter of law.

### 5. Plaintiff's Negligent and/or Wanton Hiring, Training, and Supervising Claims Against the Non-Diverse Defendants Fail as a Matter of Law.

29.     In addition to the statute of limitations bar discussed above, Plaintiff's negligent and/or wanton hiring, training, and supervising claims against the Non-Diverse Defendants fail as a matter of law. It is axiomatic that such claims can only be asserted against an underlined employer in connection with the alleged misconduct of an employee. See Bridges v. Principal Life Ins. Co., 141 F.Supp.2d 1337, 1340 n. 3 (M.D. Ala. 2001)(noting that claims of negligent supervision must necessarily be brought against the insurer and not against the insurer's agent). In the present action, however, the Non-Diverse Defendants were all individual employees of the corporate Defendants. As such, Plaintiff cannot possibly prevail on a claim for negligent and/or wanton hiring, training, and supervising against the Non-Diverse Defendants themselves.

30.     Based on the foregoing, the Non-Diverse Defendants have been fraudulently joined in the present action, and their citizenship should be disregarded for the purposes of determining diversity jurisdiction.

### C.     The Amount In Controversy Requirement is Satisfied in the Present Action.

31.     The amount in controversy in the present action exceeds the $75,000 jurisdictional threshold notwithstanding Plaintiff's refusal to specify damages. In his Complaint, Plaintiff alleges that he has suffered monetary damages, that he "has suffered mental anguish and emotional distress," and that he "has otherwise been injured and damaged." (Plaintiff's Complaint, ¶ 26). Based on these alleged injuries, Plaintiff seeks a "judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs." (Id.) Because Plaintiff seeks an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not

exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

32.    With that said, it bears noting that punitive damages awarded in Alabama fraud actions often exceed $75,000. See e.g. Jeter v. Orkin Exterminating Co., supra, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); Johns v. A.T. Stephens Enterprises, Inc., 815 So. 2d 511 (Ala. 2001) ($150,000 punitive damage award in conspiracy to convert matter); Travelers Indemnity Co. of Illinois & Crawford & Co. v. Griner, 809 So. 2d 808 (Ala. 2001) ($200,000 punitive damage award in fraud and outrage matter); New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); Sparks v. Cash America International, Inc., 789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); Cooper & Co. v. Lester, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538 to $250,000 in fraud action); Prudential Ballard Realty Co., Inc. v. Weatherly, supra, (award of $750,000 of punitive damages in fraud action); Oliver v. Town, 770 So. 2d 1059 (Ala. 2000) ($249,000 award of punitive damages in conversion action); Chrysler Corp. v. Schiffer, 736 So. 2d 538 (Ala. 1999) ($150,000 award of punitive damages in fraud and breach of contract matter); Life Insurance Company of Georgia v. Parker; supra, ($150,000 award of punitive damages in insurance fraud matter); Patel v. Patel, 708 So. 2d 159 (Ala. 1998) ($225,000 award of punitive damages in fraud and breach of contract matter); Talent Tree Personnel Srvs., Inc. v. Fleenor, 708 So. 2d 917 (Ala. 1997) ($1,500,000 award of punitive damages in fraud and breach of contract matter; American Pioneer Life v. Williamson, 704 So. 2d 1361 (Ala. 1997) ($750,000 award of punitive damages in fraud and breach of contract case); Union Sec. Life Ins. Co. v. Crocker, 709 So. 2d 1118 (Ala. 1997) ($1,000,000 award of punitive damages in insurance fraud

matter); Life Ins. Co. of Georgia v. Johnson, supra, ($3,000,000 award of punitive damages in insurance fraud action); Hillcrest Center, Inc. v. Rone, 711 So. 2d 901 (Ala. 1997) ($94,000 award of punitive damages in fraudulent inducement action); First Commercial Bank v. Spivey, 694 So. 2d 1316 (Ala. 1997) ($500,000 award of punitive damages in fraud and breach of contract matter); Gallant v. Prudential Ins. Co. of America, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); Ford Motor Co. v. Sperau, 708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); Johnson v. Mercury Finance Co., CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note; jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages, the award of punitive damages was remitted to $2,000,000.); Key v. Prudential Insurance Co., et al., CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (the plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required; jury awarded $25,000,000 in punitive damages.); Parham v. Foremost Insurance Co., 693 So. 2d 409 (Ala. 1997) (jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages; the punitive damages were later remitted to $175,000.). Consequently, if awarded, punitive damages in the present action will more likely than not exceed $75,000.

33.    Similarly, compensatory damages awarded in Alabama fraud actions also often exceed $75,000.  See e.g. New Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); Prudential Ballard Realty Co., Inc. v. Weatherly, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud

matter); <u>Jeter v. Orkin Exterminating Company, Inc.</u>, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); <u>Oliver v. Towns</u>, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); <u>New Plan Realty Trust v. Morgan</u>, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000 award of compensatory damages was attributed to mental anguish); <u>Sparks v. Cash America International, Inc.</u>, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000 of the $75,000.00 compensatory damage award was attributed to mental anguish); <u>Liberty National Life Ins. Co. v. Caddell</u>, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); <u>Hare v. Mutual Savings Life</u>, CV-94-529, 1997 WL 743899 (LPR JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); <u>Mallard v. Countrywide Funding Corp.</u>, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); <u>Ball v. ALFA Realty, Inc.</u>, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); <u>Norwood v. Glen Lanes Realty Co.</u>, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); <u>Gallant v. Prudential Ins. Co. of America</u>, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); <u>Sperau v. Ford Motor Co.</u>, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud). Consequently, if awarded, compensatory damages in the present action will more likely than not exceed $75,000.

## II.    FEDERAL QUESTION JURISDICTION

34.    This Court also has original jurisdiction over the present action pursuant to 28 U.S.C. § 1331, which provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

35.    In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, --- U.S. ----, 125 S.Ct. 2363 (2005), the Supreme Court confirmed the existence of embedded federal question jurisdiction under 28 U.S.C. § 1331 in certain cases where the supposed state law causes of action necessarily involve a substantial and disputed federal issue. In the wake of Grable, such embedded federal question jurisdiction may exist *even absent* an explicitly pled federal claim and field preemption by a federal statute or act.

36.    In the present action, Plaintiff's Complaint does not explicitly plead federal causes of action, denominated as such. His claims, however, are saturated with allegations involving consumer lending practices -- an area heavily regulated by federal law. Because Plaintiff's state law claims turn on substantial, disputed questions of federal law, the present action could have been originally filed in this Court pursuant to 28 U.S.C. §§ 1331 and 1337. E.g., Rankin v. American General Finance, Inc., --- So.2d ----, 2005 WL 487465 at * 4 (Miss. Mar. 3, 2005) (plaintiff's consumer finance-related "allegation does very plainly appear to be a federal claim dressed up in state law clothing").

37.    Further, Plaintiff's right to recover under his putative state law claims necessarily turns on, and involves, substantial questions of federal law. The precise acts and practices of which Plaintiff complains herein are extensively regulated by federal law, including: the federal Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.*; Regulation Z, promulgated thereunder; 12 CFR § 226.1, *et. seq.*; and 12 CFR § 590.101, promulgated thereunder. This extensive federal control

and regulation is critical to this Court's assessment of jurisdiction as Defendants' compliance with federal law will be a central issue permeating the entirety of this lawsuit. As such, the present action necessarily involves a substantial and disputed federal issue, bestowing this Court with embedded federal question jurisdiction.

## ADOPTION AND RESERVATION OF DEFENSES

38.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendants' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## JURISDICTIONAL REQUIREMENTS

39.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

40.    Defendants have heretofore sought no similar relief.

41.    The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

42.    Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

43.    Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §

1446(d). Defendants are also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Bullock County, Alabama, as provided by law.

**WHEREFORE**, Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Bullock County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the _3rd_ day of November, 2005.

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555

_____
OF COUNSEL

1408133                                    22