IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE T. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: 2:05-CV-1065 |
| ) | |
| AMERICAN INTERNATIONAL GROUP, ) | |
| INC.; AMERICAN GENERAL ) | |
| CORPORATION; AMERICAN GENERAL ) | |
| FINANCE, INC.; AMERICAN GENERAL ) | |
| FINANCE CORPORATION; MERIT LIFE ) | |
| INSURANCE COMPANY; KIMBERLY ) | |
| SINGLETON; PAT PORTER; ROY T. ) | |
| EVANS; and Fictitious Defendants "A", "B", ) | |
| and "C", whether singular or plural, those ) | |
| other persons, corporations, firms, or other ) | |
| entities whose wrongful conduct caused the ) | |
| injuries and damages to the Plaintiff, all of ) | |
| whose true and correct names are unknown ) | |
| to Plaintiff at this time, but will be substituted ) | |
| by amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AFFIDAVIT OF LINDA SANCHEZ

STATE OF TEXAS     )
COUNTY OF HARRIS   )

Before me, the undersigned authority in and for said State and County, personally appeared Linda Sanchez, who is known to me and who, upon being duly sworn, deposes and states as follows:

1.     My name is Linda Sanchez. I am over the age of twenty-one (21) years and reside in Harris County, Texas. I am employed as Deputy General Counsel of American General Corporation. I have personal knowledge of the facts set forth in this affidavit and such facts are true to the best of my knowledge.

2. American General Corporation ("AGC") is a wholly-owned subsidiary of American International Group, Inc. ("AIG") that is duly organized and existing under and by virtue of the laws of the State of Texas with its principal place of business in Houston, Texas.

3. AGC is engaged in business as a holding company of various insurance and consumer financial services companies. As a holding company, AGC is the sole shareholder and parent company of a number of companies. These operating subsidiary companies are engaged in various insurance and consumer financial services, including retirement annuities, consumer loans, and life insurance. The corporations owned by AGC are, however, separate and distinct corporate entities, each of which has its own officers, directors, management personnel, and employees. The operating companies maintain separate books, records, and bank accounts.

4. AGC is the sole shareholder and parent company of American General Finance, Inc. ("AGF") which, in turn, is the sole shareholder of Defendants American General Finance Corporation ("AGFC") and American General Financial Services of Alabama, Inc. ("AGFSA"). AGFC is a corporation duly organized and existing under the laws of the state of Indiana, with its principal place of business in Evansville, Indiana. AGFSA is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business in Evansville, Indiana. Merit Life, a subsidiary of AGFC, is a corporation duly organized and existing under the laws of the state of Indiana, with its principal places of business in Evansville, Indiana. AGC does not use the separate corporate existence of AGF or any of its subsidiaries as the alter ego of AGC, or for any illegal purpose, or as a sham to perpetrate a fraud.

5. AGC is not involved in the day-to-day operations of its various subsidiaries or the other corporate entities owned by those subsidiaries.

6. AGC has never transacted, conducted, or solicited business in Alabama.

7. AGC has never been qualified or licensed to do business in Alabama.

8. AGC has never had an office, street address, mailing address, telephone listing, or bank account in Alabama.

9. AGC has never had any employees, officers, servants, or agents in Alabama, nor has it ever sent any of its employees, officers, servants, or agents to Alabama to provide services to consumers.

10. AGC does not have an interest in, use, or possess any real or personal property or any other asset located in Alabama.

11. AGC is not in the business of selling insurance and has never contracted to insure any person, property, or risk located in Alabama.

12. AGC has never caused tortious injury or damage by an act or omission in Alabama.

13. AGC has never sold any products in Alabama.

14. AGC has never performed any services in Alabama.

15. AGC has never engaged in any conduct, either persistent or occasional, with consumers in Alabama.

16. AGC has never issued a policy of insurance to or entered into a contractual agreement or financial transaction with Joe T. Smith.

17. AGC has never received a premium payment or any other revenue from or on behalf of Joe T. Smith.

18. Kimberly Singleton, Pat Porter, and Roy T. Evans, defendants to this civil action, are not employees of AGC and are not associated with AGC in any manner.

_____
Linda Sanchez

SWORN TO and SUBSCRIBED before
me on this the 22 day of November, 2005.

_____
Notary Public

CHARLENE P MCFADDEN
My Commission Expires
March 16, 2009

My Commission Expires: 3/16/09