IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE T. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-1065-F |
| | ) |
| AMERICAN INTERNATIONAL | ) |
| GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTION TO DISMISS

Comes now, Plaintiff in response to Defendants' Motion to Dismiss and files this Motion to Stay Defendants' Motion to Dismiss. Plaintiff moves this Honorable Court to stay any action to Defendants American International Group, Inc. ("AIG") and American General Corporation's ("AGC") Motion to Dismiss pending the outcome of the Plaintiff's Motion to Remand, and in support of which would show the following:

On or about September 28, 2005, Plaintiff filed this action in the Circuit Court of Bullock County, Alabama. On or about November 3, 2005, Defendants filed a Notice of Removal based on fraudulent joinder. Consequently, the Removal is improperly based on diversity of citizenship. On or about December 5, 2005, Plaintiff filed a Motion to Remand and Brief in Support of Motion to Remand. On or about November 9, 2005, Defendants AIG and AGC filed a Motion to Dismiss contending this Court lacks personal jurisdiction over these Defendants. In the interest of justice, the Plaintiff's motion for a stay on further proceedings pending the outcome of Plaintiff's Motion to Remand is due to be granted given that the Court would not

have subject matter jurisdiction over these matters if the Plaintiff's Motion to Remand is granted. See generally, National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Co., 878 F. Supp. 199 (M.D. Ala. 1995); Austin v. American General Finance, Inc., 900 F. Supp. 396 (M.D. Ala. 1995).

Plaintiff has challenged, on solid grounds, the Defendants' removal of this action from the Circuit Court of Bullock County, Alabama, to this Court, in the Plaintiff's Brief in Support of Remand. In National Union Fire Ins. Co. of Pittsburgh v. Liberty Mutual Ins. Co., *supra,* the court addressed pending motions filed by the defendant while the plaintiff's motion to remand on a fraudulent joinder issue was pending. The court addressed the issue as follows:

> "Even if the court were inclined to grant one of the foregoing motions, it may not do so. The court must possess jurisdiction before it may rule on defendant's requested motions. The court has determined that this case is due to be remanded; therefore, not having jurisdiction, it must decline defendant's invitation to determine their motions on the merits."

Supra at 203.

In Austin, pending before the Court was plaintiff's Motion to Remand the action to state court and defendant American General Corporation's Motion to Dismiss. Defendants contended that the court should decide American General Corporation's Motion to Dismiss before addressing the plaintiff's Motion to Remand. However, the court determined that it should first address the plaintiff's Motion to Remand and if the court had subject matter jurisdiction then the Motion to Dismiss would be considered. Since the court granted plaintiff's Motion to Remand, the case was remanded for further proceedings in state court on the Motion to Dismiss, among other things.

If Plaintiff's Motion to Remand is granted, this Court would not **ever** have had subject matter jurisdiction over the matters currently before it. If the Court were to entertain any motions

filed by Defendants, and then found that it did not have jurisdiction, and properly granted Plaintiff's Motion to Remand, all of the rulings by this Court would be null and void. Therefore, in the interest of judicial economy, Plaintiff asks this Court to issue a stay on any further proceeding concerning the Defendants' Motion to Dismiss pending the outcome of the Plaintiff's Motion to Remand.

Based on the foregoing, Plaintiff's Motion for a Stay is due to be granted.


    /s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff


**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 27th day of December, 2005.

          /s/ Charles Lance Gould
          OF COUNSEL


**Attorney for Defendants American International Group, Inc.**
**and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.;**
**American General Financial Services of Alabama, Inc..;**
**Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:   205-458-5100
Email: delliott@burr.com