## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JOE T. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) **CIVIL ACTION NO. 2:05-cv-1065-F** |
| | ) |
| **AMERICAN INTERNATIONAL GROUP, INC.;** | ) |
| **et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY

COME NOW American General Financial Services of Alabama, Inc. ("American General") (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., American General Finance Corporation, Merit Life Insurance Company, Kimberly Singleton, Pat Porter, and Roy T. Evans (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this memorandum of law in support of their Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery. In support of their motion, Defendants show unto the Court the following:

1415712

## I. INTRODUCTION

On or about September 28, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Bullock County, Alabama, CV-05-104. It is of the type referred to by the plaintiffs' bar as a "flipping and packing" case, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit life, disability and/or property insurance in connection with those loans. Specifically, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing prior debt with respect to loans he obtained on June 28, 2001, August 14, 2001, and November 23, 2001.

As demonstrated in Defendants' Notice of Removal, this lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including twelve in Alabama and twelve in Tennessee.[1] These complaints come on the heels of innumerable

---

[1] Defendants have removed all of the lawsuits in Alabama. The state court styles of those matters are as follows: Jessie Mae Davis v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-176; Stephanie Mayberry v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-142; Mary Cope v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-135; Sandra Green v. American International Group, Inc., et al., In the Circuit Court of Sumter County, Alabama, Civil Action Number: CV-05-48; George Mason v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-137; Bernice Poole-Reese v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-134; James Poole v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-133; Willie Lee Poole v. American International Group, Inc., et al., In the Circuit Court of Montgomery County, Alabama, Civil Action Number: CV-05-1653; Steve and Nancy Robinson v. American International Group, Inc., et al., In the Circuit Court of Perry County, Alabama, Civil Action Number: CV-05-51; Tony and Dorothy Turner v. American International Group, Inc., et al., In the Circuit Court of Macon County, Alabama, Civil Action Number: CV-05-136; and Edward Waller v. American International Group, Inc., et al., In the Circuit Court of Hale County, Alabama, Civil Action Number: CV-05-97.

Plaintiff's counsel has filed the following matters in Tennessee which defendants have removed or intend to remove: Richard Irby and Elizabeth Irby v. American International Group,

lawsuits Plaintiff's counsel has filed in Mississippi over the past several years, involving

thousands of plaintiffs, each making virtually identical meritless claims and fraudulently joining

non-diverse defendants.[2]  In fact, federal courts in Mississippi, recognizing the attempt by the

---

et al., In the Circuit Court of Shelby County, Tennessee; Civil Action No. CI-004106-05; Belinda Marshall v. American International Group Inc. aka AIG Insurance, et al.; In the Circuit Court of Shelby County, Tennessee; CT-4287-05; Regina Trezevant v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4288-05; Elmo Thomas v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4290-05; Roosevelt Walton v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4292-05; Sheila Upshaw v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4293-05; Gloria Garrett v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4374-05; O.M. Mason v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4110-05; Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4105-05; Ruthie Sims and Curtis Sims v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4109-05; Fannie Armstrong v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4576-05; and Walter Oliver and Mary Oliver v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4574-05.

As an example of the complaints filed in Tennessee, submitted herewith as Exhibit "A" is a true and correct copy of the complaint filed in the lawsuit styled Beauty Robertson v. American International Group Inc. aka AIG Insurance, et al., In the Circuit Court of Shelby County, Tennessee; CT-4105-05.  This complaint is word for word identical with the Complaint herein, except for the names of certain parties.  Defendants have, or will remove these cases, as well.

[2] Plaintiff's counsel has filed the following seventeen matters in Mississippi, each with multiple plaintiffs and virtually identical allegations:  Dorothy Corbin, et al. v. American General Financial Services, Inc., et al, In the Circuit Court of Washington County, Mississippi, Civil Action Number:  CI2004-216; Stonewall v. American General Finance, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number:  2004-0011CV2L; Freddie Graham, et al. v. American International Group, Inc., et al., In the Circuit Court of Bolivar County, Mississippi, First Judicial District, Civil Action Number:  2002-333; Alice Brown, et al. v. American International Group, Inc., et al., In the Circuit Court of Leflore County, Mississippi, Civil Action Number:  2002-0173-CICI; Doris Beaman, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number:  2002-0638-CI; Beatrice Jackson, et al. v. American International Group, Inc., et al., In the Circuit Court of Sunflower County, Mississippi; Civil Action Number:  2002-0640-CI; Robert Beckley, Roger Daniels, Ginie Garth, Darlene Smith and Bruce Whitfield, v. American General Financial Services, Inc., et al., In the Circuit Court of Washington County,

plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have

routinely denied remand and exercised diversity jurisdiction, ultimately rendering summary

judgment for the defendant on the plaintiffs' claims.[3]

---

Mississippi, Civil Action Number: CI2004-216; Marcia Pettis, et al. v. American General
Financial Services, Inc., et al.; In the Circuit Court of Washington County, Mississippi, Civil
Action Number: CI2004-237; Delia Andrews v. American International Group, et al., In the
Circuit Court of Jones County, Mississippi, Laurel Division; Civil Action Number: 2004-194-
CV8; Greg Bennamon, et al. v. American International Group, Inc., In the Circuit Court of
Kemper County, Mississippi, Civil Action Number: CV-2002-108; Brad Gatlin, et al. v.
American International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi,
Laurel Division, Civil Action Number: CV-2002-1026; Edward Morgan, et al. v. American
International Group, Inc., et al., In the Chancery Court of Jones County, Mississippi, Laurel
Division, Civil Action Number: CV-2002-1029; George Washington, et al. v. American
International Group, Inc., et al., In the Circuit Court of Carroll County, Mississippi, Vaiden
Division, Civil Action Number: CV-2002-0018-2V2M; Bernice Baker, et al. v. American
International Group, Inc., et al., In the Circuit Court of Washington County, Mississippi, Civil
Action Number: CV-2002-405; Ora J. Bell v. American General Finance, Inc., et al., In the
Circuit Court of Holmes County, Mississippi, Civil Action Number: 2002-0002; Frances Jones,
et al. v. American International Group, Inc., et al., In the Circuit Court of Jones County,
Mississippi, Civil Action Number: 2002-118-CV3; and Tommy Faye Jones, et al. v. American
International Group, Inc., et al., In the Circuit Court Of Sunflower County, Mississippi, Civil
Action Number: CV-2002-0156-CI.

Indeed, just recently, Plaintiff's counsel filed amended complaints in certain of these
Mississippi lawsuits, including, inter alia, Doris Beaman, et al. v. American International Group,
Inc., et al., In the Circuit Court of Sunflower County, Mississippi, Civil Action Number: 2002-
0638-CI, and Willie T. Stonewall, et al. v. American International Group, Inc., et al., In the
Circuit Court of Carroll County, Mississippi, Second Judicial District, Civil Action Number:
2004-0011-CV-2L. The allegations of those amended complaints mirror those in the one at
hand. A sample of such an amended complaint, filed in the Beamon lawsuit, is attached hereto
as Exhibit "B."

[3] The consumer finance lawsuits in Mississippi in which federal courts have denied
remand, and in some of which the courts have already granted summary judgment for the
defendants, include: Boone v. Citigroup, Inc., __ F.3d __, 2005 WL 1581091 (5th Cir. July 7,
2005); Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003), r'hng en banc denied, Jan. 25,
2005 (nos. 02-60608 & 02-60609); Clark v. Commercial Credit Corp., __ F. Supp. 2d __, 2005
WL 428476 at *3 (S.D. Miss. Feb. 7, 2005); Lee Frye, et al. v. American General Finance, Inc.,
et al.; In the United States District Court; Southern District of Mississippi; Western Division; No.
5:02cv122BrS (S.D. Miss. Feb. 9, 2004); Queen v. American General Finance, Inc., 289 F. Supp.
2d 782 (S.D. Miss. 2003); Lott v. First Family Financial Servs., Inc., No. 2:02cv56PG (S.D.
Miss July 11, 2003); Green v. American General Finance, Inc., 2003 WL 1191183 (S.D. Miss.
March 7, 2003); Stacher v. American General Finance, Inc., 2003 WL 1191182 (S.D. Miss.

In the present action, Plaintiff advances a variety of vague allegations designed to defeat

Defendants' valid fraudulent joinder argument.    (See Plaintiff's Complaint, ¶¶ 13-22).

Specifically, Plaintiff asserts in his Complaint that the non-diverse Defendants, Kimberly

Singleton ("Singleton"), Pat Porter ("Porter"), and Roy T. Evans ("Evans"), misrepresented that

credit insurance was a "good deal" and that purchasing such insurance would improve his

chances of being approved for the loans in question.    (Plaintiff's Complaint, ¶¶ 13, 15).

Moreover, Plaintiff alleges that the non-diverse Defendants misrepresented to him that

refinancing prior loans would save him money.    (Plaintiff's Complaint, ¶ 14).    Based on these

allegations, Plaintiff appears to assert the following individual causes of action with respect to

loans he obtained on June 28, 2001, August 14, 2001, and November 23, 2001: (1) fraudulent

misrepresentation; (2) negligent misrepresentation; (3) negligent and/or wanton hiring, training,

and supervision; and (4) breach of fiduciary duty.

On or about November 3, 2005, Defendants removed the present action to this Court on

diversity and federal question jurisdiction grounds under 28 U.S.C. 1331, 1332, and 1441.

Defendants specifically demonstrated in their Notice of Removal that diversity jurisdiction exists

---

March 7, 2003); Barnes v. First Franklin Finance Corp., No. 3:02cv1259LN (S.D. Miss. Mar. 31, 2003); Brown v. Citigroup, No. 2:02cv112PG (S.D. Miss. Mar. 21, 2003); Anderson v. First Family Financial Servs., Inc., No. 4:02cv55PB (N.D. Miss. Mar. 6, 2003); Bolden v. Kentucky Finance Co., No. 4:02cv98LN (S.D. Miss. Feb. 28, 2003); Walker v. City Finance Co., 2003 WL 554613 (N.D. Miss. Feb. 12, 2003); Benson v. City Finance Co., No. 1:02cv242DD, slip op. at 6 (N.D. Miss. Feb. 12, 2003); Conner v. First Family Financial Services, Inc., 2002 WL 31056778 (N.D. Miss. Aug. 28, 2002); Ross v. First Family Financial Services, Inc., 2002 WL 31059582, (N.D. Miss. Aug. 29, 2002); Strong v. First Family Fin. Services, Inc., 202 F. Supp. 2d 536 (S.D. Miss. 2002); Henley v. Pioneer Credit Co., 2002 WL 1013110 (N.D. Miss. Apr. 10, 2002); Harrison v. Commercial Credit Corp., 2002 WL 548281 (S.D. Miss. Mar. 29, 2002); Ellis v. Washington Mutual Finance Group, No. 4:01cv144-L-N (S.D. Miss. May 8, 2002); Cooley v. Washington Mutual Finance Group, 2002 WL 1768897 (S.D. Miss. July 29, 2002); Howard v. CitiFinancial, Inc., 195 F. Supp. 2d 811 (S.D. Miss. 2002); Ross v. CitiFinancial, Inc., 2002 WL 461567 (S.D. Miss. Mar. 18, 2002); Johnson v. CitiFinancial, Inc.; 5:01cv215BN (S.D. Miss. Mar. 8, 2002); Crockett v. CitiFinancial, Inc., 4:01cv172-MD (N.D. Miss. Feb. 28, 2002); and Carter v. Union Sec. Life Ins. Co., 148 F. Supp. 2d 734 (S.D. Miss. 2001).

in the present action because the amount in controversy exceeds $75,000 and because the only non-diverse Defendants -- Singleton, Porter, and Evans -- have been fraudulently joined. Defendants also demonstrated that the present action necessarily involves substantial and disputed federal issues, and that, accordingly, this Court has embedded federal question jurisdiction. On or about December 5, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction.

## II. ARGUMENT

Defendants request additional time to respond to Plaintiff's Motion to Remand for the purpose of conducting remand-related discovery. As demonstrated in detail below, such discovery is necessary in order for Defendants to submit a fully informed response to Plaintiff's Motion to Remand. Indeed, absent discovery, it is difficult to ascertain the alleged facts supporting Plaintiff's claims, for the allegations in the Complaint are left intentionally vague, which Plaintiff undoubtedly hopes will save his Complaint from a finding that there is no possibility of recovery against the non-diverse Defendants, thereby avoiding the proper exercise by this Court of diversity jurisdiction. Defendants therefore need to conduct remand-related discovery to flesh out the facts and definitively show that Plaintiff has no possible cause of action against the non-diverse Defendants and, accordingly, that said Defendants have been fraudulently joined.

Similarly, discovery is also needed for Defendants to conclusively prove that Plaintiff's claim for damages exceeds $75,000 and, accordingly, that the jurisdictional amount in controversy requirement has been satisfied. Finally, remand-related discovery is necessary to demonstrate that Plaintiff's right to recover under his allegedly state law claims turns on, and involves, substantial questions of federal law and, accordingly, that this Court has embedded federal question jurisdiction. For these reasons and others, Defendant's Motion for an Extension

of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to be granted.

A.    **Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Issue of Fraudulent Joinder.**

As demonstrated above and in their Notice of Removal, Defendants contend that there is complete diversity among the parties in the present action because Singleton, Porter, and Evans, the only non-diverse Defendants, have been fraudulently joined. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255, 1256 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity jurisdiction."). Fraudulent joinder exists where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant." Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)). Plaintiff cannot possibly prove a cause of action against the non-diverse Defendants because his claims against said Defendants are time-barred on their face by the applicable statute of limitations and substantively meritless. Defendants, however, need to conduct remand-related discovery in order to substantiate these contentions and demonstrate that the non-diverse Defendants have been fraudulently joined in the present action.

1.    **Defendants Need to Conduct Remand-Related Discovery In Order to Determine the Particular Loans With Which Each of the Non-Diverse Defendants Were Involved.**

First and foremost, Defendants need to conduct remand-related discovery in order to determine the particular loans with which each of the non-diverse Defendants were involved. Plaintiff's complaint contains no such distinction and, instead, asserts broad allegations against each of the non-diverse Defendants with respect to each of the loans at issue. From the face of

the loans, however, it appears that Singleton was only involved in the June 28, 2001 loan, that

Porter was only involved in the November 23, 2001 and August 14, 2001 loans, and that Evans

was only involved in the August 14, 2001 loan. As such, it is highly likely that each of the non-

diverse Defendants was not even involved in some of the loans at issue -- a likelihood that

Defendants will need additional time to confirm. Given the significance of this determination to

the Court's remand analysis, Defendants should be granted additional time to conduct the

necessary discovery.

> **2.    Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Fraud-Based Claims Against the Non-Diverse Defendants are Time-Barred by the Statute of Limitations.**

Federal courts in Alabama have repeatedly found fraudulent joinder, and denied motions

to remand, in virtually identical cases where the applicable statute of limitations bars all claims

against a non-diverse defendant.  See Owens v. Life Ins. Co. of Georgia, 289 F.Supp.2d 1319

(M.D. Ala. 2003); Fowler v. Provident Life and Accident Insurance Co., 256 F.Supp.2d 1243

(N.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001);

Wakeland v. Brown & Williamson Tobacco Corp., 996 F.Supp. 1213 (S.D. Ala. 1998).

In Owens, the most recent of these decisions, and a case remarkably similar to that at

hand, the plaintiff brought an action in 2003 against an insurance company and a non-diverse

individual defendant based upon alleged misrepresentations and/or omissions made by the

individual defendant, as agent for the insurance company, with respect to a life insurance policy

purchased in 1984. Owens, 289 F.Supp.2d at 1321. In conjunction with these allegations, the

plaintiff asserted claims for breach of contract, fraud, and fraudulent suppression against both

defendants. Id. The defendants subsequently removed the case, arguing that complete diversity

existed by virtue of the individual defendant's fraudulent joinder. Id. at 1321-23.

In addressing the propriety of removal, Judge Fuller found that the plaintiff was provided with documentation in 1984 that both contradicted the alleged oral misrepresentations and provided the information allegedly suppressed. Id. at 1326. Accordingly, the Court concluded that the plaintiff "should have discovered the possibility of fraud and misrepresentation in 1984 when he purchased the Policy, and the two year statute of limitations commenced running at that time." Id. Plaintiff's claims against the individual defendant were, therefore, found to be barred by the two year statute of limitations. Id. Because the statute of limitations precluded any possibility of establishing a cause of action against the individual defendant, the Court held that said defendant was, in fact, fraudulently joined and denied the plaintiff's motion to remand. Id.

As demonstrated above, fraud claims in the consumer finance context accrue, and the applicable statute of limitations begins to run, when the borrower receives documents putting him or her on notice of the alleged fraud. See id.; Ex parte American General Finance, Inc., 795 So. 2d 685, 689-91 (Ala. 2000) ("fraud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered."). As such, the operative issue in any statute of limitations inquiry in the consumer fraud context, including the present action, is whether the plaintiff received documents that put him or her on notice of the alleged fraud, i.e., documents that would "'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'" Gilmore v. M & B Realty Co., L.L.C., et al., 895 So.2d 200, 209 (Ala. 2004)(quoting Auto-Owners Ins. Co. v. Abston, 822 So.2d 1187, 1195 (Ala. 2001)). If the plaintiff did receive such documentation, then his/her fraud claims accrued, and the statute of limitations began to run, at the time said documents were received. See id.

As demonstrated in Defendants' Notice of Removal, Plaintiff's loans in the present action contain disclosures that would have provided notice of his fraud claims at the time said loans were obtained. (The Affidavit of Robert S. Ritter authenticating Plaintiff's loan documents is attached to Defendant's Motion as Exhibit "C"; a copy of Plaintiff's loan documents is attached to the Affidavit of Robert S. Ritter as Exhibit "C(1)."). Specifically, Plaintiff's loan documents disclose all of the relevant financial terms for the loans at issue, including the amount financed, finance charge, total of payments, interest rate, amount of monthly payment, and total number of payments. (See Exh. C(1)). Plaintiff could have, and should have, used this information to ascertain whether refinancing prior loans was in his financial best interests. Similarly, Plaintiff's loan documents clearly disclose the premiums for all insurance products purchased. (See id.). Plaintiff could have, and should have, used this information to ascertain whether purchasing Defendants' insurance products was, in fact, a "good deal", a determination incumbent upon him to make.

With respect to the optional nature of credit life and/or credit disability insurance, Plaintiff's Note and Security Agreement specifically state: "You understand that credit insurance is not required in connection with this loan and was not a factor in the approval of the extension of credit, and that you may obtain such insurance, if you want it, from any person you choose." (Id.) (emphasis added). Moreover, Plaintiff's Federal Disclosure Statement provides: "Credit life and/or credit disability insurance are not required to obtain a loan and will not be provided unless you sign and agree to pay the additional cost." (Id.). Finally, Plaintiff's August 14, 2001 and November 23, 2001 loans contained an Insurance Disclosure Summary, which states: "**I FULLY UNDERSTAND THAT I DO NOT HAVE TO PURCHASE ANY OF THE FOLLOWING INSURANCE TO GET MY LOAN.**" (Id.)(emphasis in original).

Given the above, as long as Plaintiff received his loan documents, which he would have in the ordinary course, then it is clear that said loan documents put him on notice of his alleged fraud claims. See Gilmore, 895 So.2d at 209; Owens, 289 F.Supp.2d at 1326; Ex parte American General Finance, Inc., 795 So.2d at 689-91. To the extent Plaintiff alleges that his loan documents did not put him on notice of the alleged fraud, then Defendants are entitled to determine precisely the misrepresentations Plaintiff contends were made about the insurance, which is impossible to do from the Complaint. Accordingly, Defendants request additional time to conduct the necessary discovery regarding Plaintiff's receipt of documents putting him on notice of his fraud claims, and to clarify the vague allegations of Plaintiff's Complaint.

3.    **Defendants Need to Conduct Remand-Related Discovery in Order to Demonstrate that Plaintiff's Fraud-Based Claims Against the Non-Diverse Defendants Fail as a Matter of Law.**

Fraudulent joinder also exists where the Plaintiff's claims against a non-diverse defendant fail as a matter of law. See Bullock v. United Benefit Ins. Co., 165 F.Supp.2d 1255 (M.D. Ala. 2001) (finding fraudulent joinder with respect to a breach of contract claim against a non-diverse defendant where said defendant was not a party to the contract in question); see also Levitt v. Independent Life And Acc. Ins. Co., 814 F.Supp. 1053 (M.D. Ala. 1993). With that said, the Alabama Supreme Court has specifically held that fraud claims fail as a matter of law in the absence of a showing that the plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). "If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then the plaintiffs' reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).

As with the statute of limitations analysis, the reasonable reliance inquiry hinges on whether Plaintiff received documents putting him on notice of the non-diverse Defendants' alleged fraud. As demonstrated above, Plaintiff's loan documents contradict at least some, if not all, of the non-diverse Defendants' alleged misrepresentations. (See Ex. C(1)). As long as Plaintiff received these loan documents, which said documents reflect he did and which discovery will confirm, then Plaintiff has no possibility of recovery against the non-diverse Defendant, thereby rendering remand improper. Given the significance of this determination with respect to the reasonable reliance and fraudulent joinder inquiries, Defendants request additional time to conduct the necessary discovery.

**B.    Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Amount in Controversy Issue.**

Defendants also need to conduct remand-related discovery in order to properly address the issue of the amount in controversy. Plaintiff alleges in his complaint that he has endured monetary damages, that "he has suffered mental anguish and emotional distress; and has otherwise been injured and damaged." (See Plaintiff's Complaint, at ¶ 26). Based on these alleged injuries, Plaintiff seeks a "judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs." (Id.)

Because Plaintiff has asked for an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Defendants, however, need to conduct discovery concerning the extent of Plaintiff's vague injuries and the damages sought as a result thereof in order to conclusively demonstrate that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott,

77 F.3d at 1357. Specifically, Defendants need to assess the magnitude of Plaintiff's alleged emotional/mental injuries and monetary damages. If permitted to do so, Defendants contend that plaintiffs with similar claims have sought damages in excess of $75,000. Moreover, Plaintiff should not be protected by an unspecified claim for damages. Rather, Defendants should be allowed to conduct discovery as to the amount of damages sought in the present action and whether Plaintiff would decline an award in excess of $75,000. If permitted to do so, Defendants contend that they will be able to affirmatively demonstrate that Plaintiff actually seeks damages in excess of the jurisdictional amount. Based on the foregoing, this Court should grant Defendants additional time to conduct remand-related discovery regarding the amount in controversy requirement.

**C.      Defendants Need to Conduct Remand-Related Discovery in Order to Properly Address the Issue of Embedded Federal Question Jurisdiction.**

Finally, Defendants need to conduct remand-related discovery in order to properly address the issue of embedded federal question jurisdiction. Plaintiff alleges in his complaint that his "claims are brought solely under Alabama law." (Plaintiff's Complaint, at ¶ 12). His claims, however, are saturated with allegations involving consumer lending practices -- an area heavily regulated by federal law.

The Supreme Court has recently confirmed the existence of embedded federal question jurisdiction under 28 U.S.C. § 1331 in such instances where supposed state law causes of action necessarily involve a substantial and disputed federal issue. See Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,   --- U.S. ----, 125 S.Ct. 2363 (2005). In light of Grable and the aforementioned vagueness of Plaintiff's complaint, Defendants need to conduct remand-related discovery regarding Plaintiff's claims in order to definitively demonstrate that

said claims necessarily involve substantial and disputed federal issues. As such, Defendants

motion for extension of time is due to be granted.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion for an Extension of Time to Respond to

Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery is due to

be granted.

Respectfully submitted,

Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

### OF COUNSEL:

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1415712                                       14

## CERTIFICATE OF SERVICE

I hereby certify that on December ___, 2005, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion for Additional Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.


OF COUNSEL