IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE T. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:05-cv-1065-F |
| AMERICAN INTERNATIONAL GROUP, INC.; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY**

COME NOW American General Financial Services of Alabama, Inc. ("American General") (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., American General Finance Corporation, Merit Life Insurance Company, Kimberly Singleton, Pat Porter, and Roy T. Evans (hereinafter collectively referred to as the "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby move this Court for an extension of time to respond to Plaintiff's Motion to Remand for the purpose of conducting limited remand-related discovery. In support thereof, Defendants show unto the Court the following:

1. On or about September 28, 2005, Plaintiff commenced the present action by filing a complaint against Defendants in the Circuit Court of Bullock County, Alabama, CV-05-104. It is a consumer finance case of the type referred to by the plaintiffs' bar as a "flipping and

1415689

packing" case, alleging certain putative misconduct with respect to the refinancing of consumer loans and the sale of credit life, disability and/or property insurance in connection with those loans. Specifically, Plaintiff alleges that the Defendants misrepresented the optional nature of credit insurance and the financial benefits of refinancing prior debt with respect to loans he obtained on June 28, 2001, August 14, 2001, and November 23, 2001.

2.   As demonstrated in Defendants' Notice of Removal, this lawsuit is one of a number of boilerplate identical consumer finance suits recently filed by Plaintiff's counsel, including twelve in Alabama and twelve in Tennessee, which come on the heels of innumerable lawsuits in Mississippi, involving thousands of plaintiffs, each making virtually identical meritless claims and fraudulently joining non-diverse defendants. In fact, as illustrated in the supporting memorandum of law and exhibits, federal courts in Mississippi, recognizing the attempt by the plaintiffs' bar to avoid proper diversity jurisdiction by fraudulently joining such defendants, have routinely denied remand and exercised diversity jurisdiction in like cases.

3.   As with the cases in Mississippi, Plaintiff has fraudulently joined the non-diverse Defendants in this matter, Kimberly Singleton ("Singleton"), Pat Porter ("Porter"), and Roy T. Evans ("Evans"), as he has no possibility of recovery against them. Specifically, the claims against Singleton, Porter, and Evans are not viable because they are time-barred by the applicable statutes of limitations and substantively meritless. As a result, on or about November 3, 2005, Defendants removed the present action based on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants demonstrated in their Notice of Removal that diversity jurisdiction exists in the present action because the amount in controversy exceeds $75,000 and because the non-diverse Defendants have been fraudulently joined.

4.  Defendants also removed the present action based on this Court's federal question jurisdiction under 28 U.S.C. § 1331. In this regard, Defendants demonstrated that the present action necessarily involves a substantial and disputed federal issue, and that, accordingly, this Court has embedded federal question jurisdiction.

5.  On or about December 5, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity and federal question jurisdiction. Specifically, Plaintiff contends that Singleton, Porter, and Evans have been properly joined and that Defendants failed to show that the amount in controversy requirement has been satisfied. Moreover, Plaintiff argues that this case does not arise under federal law and that the only claims asserted are for violations of Alabama law.

6.  As demonstrated in detail in the memorandum of law submitted herewith, remand-related discovery is necessary in the present action to provide additional tangible evidence that Singleton, Porter, and Evans have, in fact, been fraudulently joined and that the amount in controversy requirement is, in fact, satisfied. Likewise, such discovery is needed to demonstrate that Plaintiff's right to recover under his allegedly state law claims necessarily turns on, and involves, substantial questions of federal law.

7.  **WHEREFORE**, Defendants respectfully move this Court to grant them an extension of time to serve their Opposition to Plaintiff's Motion to Remand, for the purpose of conducting limited remand-related discovery.

                                                Respectfully submitted,

/s/ Matthew T. Mitchell

Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

1415689                                        4

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2005, I electronically filed the foregoing Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas Julian Butler, Charles Lance Gould, Jeffrey M. Grantham, John Thomas Aquina Malatesta, III, Thomas J. Methvin, David Alan Elliott, Matthew T. Mitchell and Robert Howard Rutherford.

*/s/ Matthew T. Mitchell*
OF COUNSEL

8.