IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE

BEAUTY ROBERTSON,　　　　　　*

　　　Plaintiff,　　　　　　　　*

vs.　　　　　　　　　　　　　　*　　CIVIL CASE NO. *CT-004105-05*

AMERICAN INTERNATIONAL　　　*　　　　　*D. N. IV*
GROUP, INC.; AMERICAN GENERAL *
CORPORATION; AMERICAN　　　　*
GENERAL FINANCE, INC.;　　　　*
AMERICAN GENERAL FINANCIAL　*
SERVICES, INC.; MERIT LIFE　　　*
INSURANCE COMPANY;　　　　　*
YOSEMITE INSURANCE COMPANY; *
JOANN CRAFT;　　　　　　　　*
and Fictitious Defendants "A",　　*
"B", and "C", whether singular or plural, *
those other persons, corporations, firms, *
or other entities whose wrongful conduct *
caused the injuries and damages to the *
Plaintiff, all of whose true and correct *
names are unknown to Plaintiff at this *
time, but will be substituted by　　　*
amendment when ascertained,　　　*
　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　*



## COMPLAINT

### STATEMENT OF THE PARTIES

1.　　Plaintiff brings this Action against Defendants to secure redress from Defendants' systematic and continuing violations of Tennessee statutory and common law. Plaintiff's claims are brought solely under Tennessee law, and Plaintiff states that she does not bring any federal claims and/or disclaim any and all claims under any federal laws, statutes, or regulations.



1

2.    This Court has jurisdiction over Defendants pursuant to the Tennessee Code Annotated § 16-11-101. Among other things, Defendants, in person and/or through agents, have transacted business and committed tortious acts within this State, have made and performed contracts and promises substantially connected with this State, and have contracted to insure persons and risks located within this State at the time of contracting. The causes of action alleged herein arise from such acts.

3.    Venue is properly laid in this County pursuant to Tennessee Code Annotated § 20-4-104. Defendants have offices or are doing business in this County. Furthermore, Plaintiff resides in this County and the transactions complained of herein, or some part thereof, occurred in this County.

4.    Plaintiff Joann Craft is an adult resident citizen of Shelby County, Tennessee.

5.    Defendant American General Finance, Inc. is a domestic corporation, who does business by agent in Shelby County, Tennessee. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

6.    Defendant American International Group, Inc. is a foreign corporation who does business by agent in Shelby County, Tennessee. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

7.    Defendant American General Corporation is a foreign insurance Company who does business by agent in Shelby County, Tennessee. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

8.     Defendant American General Financial Services, Inc. is a foreign corporation who does business by agent in Shelby County, Tennessee. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

9.     Defendant Merit Life Insurance Company is a foreign insurance company who does business by agent in Shelby County, Tennessee. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

10.     Defendant Yosemite Insurance Company is a foreign corporation who does business by agent in Shelby County, Tennessee. This Defendant is the parent corporation, agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

11.     Defendant Joann Craft is over the age of nineteen (19) and is a resident of Shelby County, Tennessee.

12.     Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

13.     In or about the year 1990, 1992 and other occasions, Plaintiff entered into loans with Defendants at which time Defendant Joann Craft, while acting as agent for all Defendants fraudulently represented to her that if she purchased the credit insurance offered her, her credit score/rating would be better and that she stood a better chance of getting approved for the loan she requested.

3

14.    Defendants advised Plaintiff that purchasing the credit insurance offered was a good deal and offered great value and protection.

15.    Defendants had a duty to Plaintiff to give her good advice and they failed to do so, to Plaintiff's detriment.

16.    Based on each of the representations made by Defendants, Plaintiff agreed to purchase the credit insurance offered.

17.    Defendants' conduct under the circumstances was intentional and amounts to actual malice.

18.    Plaintiff was unaware until recently of the Defendants' wrongful conduct as alleged herein and could not have at any time earlier discovered Defendants wrongful conduct, which included Defendants' affirmative and fraudulent concealment of its wrongful conduct and the facts relating thereto.

19.    Defendants entered into a pattern or practice of fraudulent conduct that included the fraud practiced on Plaintiff.

20.    At all times material hereto, Plaintiff depended on Defendants to advise her as to all loan requirements and insurance matters. Defendants had superior knowledge and bargaining power over Plaintiff.

21.    The conduct by Defendants was intentional, gross, wanton, malicious, and/or oppressive.

## COUNT ONE

22.    Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

4

23.     Defendants made the aforementioned fraudulent representations that they knew were false, or should have known were false, and intended for Plaintiff to rely on said false representations.

24.     Plaintiff did rely on the representations made by Defendants and due to Defendants' fraudulent misrepresentation of material facts, Plaintiff was induced to act as previously described.

25.     As a proximate consequence of Defendants' actions, Plaintiff was injured and damaged in at least the following ways: she paid money for insurance she did not want, she lost interest on said money, she paid excessive interest on her loans and accounts she otherwise would not have had to pay, she lost interest on the money attributed to the unnecessary payments, she has suffered mental anguish and emotional distress; and has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

26.     Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

27.     Defendants negligently and/or wantonly hired, trained, and supervised Defendant Joann Craft and their agents, alter-egos and/or representatives responsible for advising Plaintiff of the loan and insurance benefits and all other requirements.

28.     As a proximate consequence of Defendants' actions, Plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

29.    Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

30.    Plaintiff was not experienced in insurance and finance matters and placed a special trust and confidence in Defendants and consequently relied upon Defendants to properly advise her with respect to such matters.

31.    Defendants undertook a duty to advise Plaintiff, held themselves out as experts, and as persons interested in Plaintiff's well-being, and generally exhibited behavior inconsistent with the typical debtor-creditor relationship.

32.    As a result of the aforementioned actions, Defendants conduct amounts to a breach of their individual, contractual, professional and fiduciary obligations and duties to Plaintiff. Said conduct further amounts to a breach of the duties that arise as a matter of Tennesse law.

33.    As a proximate consequence of the Defendants breach, Plaintiff was injured and damaged as alleged herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

6

<u>COUNT FOUR</u>

34.     Plaintiff alleges all prior paragraphs of the Complaint as if set out here in full.

35.     Defendants negligently and/or wantonly made the aforementioned representations to Plaintiff.

36.     Said action was a breach of the duty owed Plaintiff.

37.     As a proximate consequence of said actions, Plaintiff was injured and damaged as described herein.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

_Clinton C. Carter_

CLINTON C. CARTER (TNB# 17990)
Attorney for Plaintiff

OF COUNSEL:
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
272 Commerce Street
Montgomery, Alabama 36104
Telephone No.: (334) 269-2343
Facsimile No.: (334) 954-7555

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY
OF ALL ISSUES PRESENTED BY THIS CAUSE

_Clint C. Carter_

OF COUNSEL