IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE T. SMITH, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | ) CASE NO.: 2:05-cv-1065-MEF |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.,* | ) ) ) |
|     DEFENDANTS. | ) ) |

## ORDER

This cause is before the Court on the Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 17). The Court has carefully considered all arguments in support of and in opposition to the this motion and for the reasons set forth in this Order, the Court finds that it is due to be DENIED.

This Court is of the opinion that it has the discretion to allow removing defendants leave to conduct discovery directed toward defending against a plaintiff's motion to remand. Of course, such discovery is not warranted in every case and will not be granted as a matter of course. In some circumstances, however, it may be appropriate.

Plaintiff alleges that on three specific dates in 1993 and on "other occasions," he entered into "several loans" with Defendants. Compl. at ¶ 13. He further alleges that through their agents Defendants Kimberly Singleton, Pat Porter, and Roy T. Evans, residents of Alabama, the corporate defendants defrauded him. Compl. at ¶ 13. The specific nature

of the alleged fraudulent misrepresentations is set forth in the Complaint. *See* Compl. at ¶¶ 14-15. Asserting that Singleton, Porter, and Evans were fraudulently joined, Defendants removed this action to this Court. Plaintiff sought remand.

Defendants filed a motion (Doc. # 17) seeking additional time to formulate a response to the motion to remand after conducting certain discovery relevant to issues relating to subject matter jurisdiction. Although the motion only explicitly seeks additional time for the filing of the Defendants' brief in opposition to the motion to remand, implicit in this motion is a motion for leave to conduct remand-related discovery as well. Plaintiff opposed this motion. Recently, Defendants filed a response in opposition to Plaintiff's motion to remand without the benefit of remand-related discovery.

In the circumstances of this case, the Court finds the limited discovery Defendants seek is unwarranted. Accordingly, it is hereby ORDERED that Defendants' Motion for Additional Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery (Doc. # 17) is DENIED.

DONE this the 9th day of February, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE